UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN A. GONZALEZ,<br>Plaintiff,<br>v.<br>J. BORDEWICK, et al.,<br>Defendants. | Case No. 2:26-cv-2981-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, brings this action under section 1983 and alleges that numerous defendants violated his Eighth and Fourteenth Amendment rights in various ways. The complaint does not meet federal pleading standards, and I will dismiss it with leave to amend so that plaintiff may remedy the deficiencies identified below. Additionally, I will grant his application to proceed *in forma pauperis*. ECF No. 2, and deny his motion for appointment of counsel, ECF No. 3.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff's complaint is non-compliant with federal pleading standards because it is not a "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). Instead, it is a lengthy, meandering narrative that adheres to no obvious form of organization. I cannot tell what claims are being brought against which defendants, how many claims are at issue, or whether the repetition of certain claims is merely for emphasis or for some other, more important purpose. A recitation of the facts is undoubtedly necessary to understanding the basis for any claim, but a "stream of consciousness" recounting of numerous alleged wrongs is unhelpful. It's true that a pro se litigant's pleadings must be interpreted

liberally, but it remains the litigant's responsibility to inform the court, and any defendant who is ultimately served, of the fundamental basis of his claims in a way that is concise and intelligible. I will not dig through plaintiff's complaint and attempt to piece claims together for him.

Plaintiff's complaint is dismissed with leave to amend so that he may address its deficiencies. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Amended Complaint." If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute and to follow court orders.

Additionally, I will deny his motion for appointment of counsel. ECF No. 3. He is not entitled to counsel in this civil action and, at this point, before a viable complaint exists, I cannot tell how complex his claims are, or even whether they are viable to proceed past screening. Nor has plaintiff identified any serious issue, beyond his imprisonment, that militates in favor of appointment of counsel. Nearly all pro se prisoners would prefer appointment of counsel, but volunteer counsel are an extremely limited resource, and I will direct appointment only in those cases where extenuating circumstances demand it.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

6. Plaintiff's motion to appoint counsel, ECF No. 3, is DENIED.

IT IS SO ORDERED.

Dated: September 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE