UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN A. GONZALEZ,<br>Plaintiff,<br>v.<br>J. BORDEWICK, *et al.*,<br>Defendants. | Case No. 2:26-cv-2981-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, brings this action under section 1983 and alleges numerous, separate violations of his rights against multiple defendants. The amended complaint, ECF No. 10, contains multiple, insufficiently related claims against more than one defendant in violation of the federal rules of civil procedure. I will dismiss the complaint with leave to amend so that plaintiff may remedy this deficiency.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff's complaint appears to contain at least two insufficiently related claims against more than one defendant. First, he alleges that, between January and February 2026, defendant Bordewick withheld food, medication, showers, and phone call privileges from him, and told him that, to regain access to these things, he would have to perform sexual favors. ECF No. 10 at 5. Second, he alleges that, in April 2026, a pair of unnamed "Doe" correctional officers tried to force him to sign a "manipulated chrono." *Id.* at 6. When he refused, several officers allegedly used excessive force against him. *Id.* The complaint also appears to contain other, unrelated claims beyond these two. *Id.* at 7-12.

These allegations are not, as articulated, sufficiently related to proceed together. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be

joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's complaint is dismissed with leave to amend so that he may address this deficiency. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Second Amended Complaint." If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute and to follow court orders.

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 10, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: October 20, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE